# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LAWRENCE ANDERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-00293-CV-W-JTM |
| ) | |
| CAROLYN J. COLVIN, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 20, 2012, Lawrence Anderson ("Anderson") filed an application with the Social Security Administration ("SSA") for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. On January 25, 2013, SSA granted Anderson's application dating back to the filing of the application, finding that Anderson had established that he was "disabled" under the Social Security Act beginning in August of 2012. However, SSA also informed[1] Anderson that due to his household income, his supplemental security income benefits would terminate after January 2013.[2] Anderson pursued no other administrative appeals with SSA.

---

[1] SSA has provided the Court with a NOTICE OF AWARD that was sent to Anderson. SSA asserts to the Court that this document informed Anderson of his award of benefits and notified Anderson of the termination of his benefits due to household income. If in fact this single document is meant to address both issues, with regard to any termination of benefits, the document is ridiculously cryptic and obtuse.

[2] Eligibility for supplemental security income benefits under Title XVI of the Social Security Act "is determined on the basis of need and either age, blindness or disability and provides a minimum level of benefits." *Burnett v. Heckler*, 756 F.2d 621, 623 n.3 (8th Cir. 1985).

On March 25, 2013, Anderson[3] filed the present lawsuit, *pro se*, challenging the decision of SSA to terminate his benefits.[4] Termination of benefit determinations by SSA of prior awards of supplemental security income benefits are processed and considered within an established administrative framework. 20 C.F.R. § 416.1400(a)(1)-(6). First, SSA makes an "initial determination." 20 C.F.R. § 416.1402. Thereafter, a claimant wishing to challenge an initial determination to terminate must ask for "reconsideration." 20 C.F.R. § 416.1407. If such reconsideration still leaves the claimant aggrieved, he or she may obtain a hearing before an administrative law judge. 20 C.F.R. § 416.1429. If an administrative law judge renders a decision adverse to the claimant, the claimant then may seek review from the Appeals Council of the Social Security Administration. 20 C.F.R. § 416.1467. Each determination made by SSA at each stage of the administrative process is binding and final unless the claimant pursues the next available step in the administrative review process. 20 C.F.R. § 416.1400(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review . . . ."). *See also* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

---

[3] Joining Anderson as the named plaintiffs were Darlene Anderson and Laurience Lacey. On June 25, 2013, Darlene Anderson filed a notice informing the Court that Lawrence Anderson died on June 16, 2013. Given the ultimate ruling herein on subject matter jurisdiction, the Court need not decide the representational capacity of Darlene Anderson and/or Laurience Lacey to pursue this matter in the wake of Lawrence Anderson's death.

[4] SSA has provided the Court with documentation showing that on May 28, 2013, Anderson also filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. Since that application is dated after this case was filed, the Court will assume that it is not a part of the present lawsuit. It is not even clear whether the May 28, 2013 Title II application has been resolved by SSA. In its motion to dismiss, SSA informs the Court that the application was denied and attaches a NOTICE OF DISAPPROVED CLAIM. However, that document is dated September 3, 2012 – nine months <u>before</u> the May 28, 2013 Title II application. Presumably, Anderson filed two separate Title II applications. To the extent that this lawsuit seeks to challenge a decision on a Title II application that was denied by SSA before the filing of this lawsuit, the Court lacks subject matter jurisdiction for the same reasons set out herein regarding the SSA decision to terminate Anderson's Title XVI benefits.

Anderson brought this Social Security appeal against SSA. SSA is unquestionably an agency of the federal government. To that end, it is well-settled that:

> Suits against federal agencies and officers may be barred by the doctrine of sovereign immunity if the conduct in question has been undertaken on behalf of the government. . . . Consequently, a person attempting to sue a federal agency or officer must demonstrate that the claim being asserted is covered by a specific statutory authorization to sue the United States.

14 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3655, at 247 (3rd ed. 1998). Put alternatively, the United States, as a sovereign, and its agencies and employees are immune from suit unless the United States has waived its immunity and consented to be sued. *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368 (1990). Further, even in those instances where there has been some waiver of sovereign immunity, it is well settled that the "limitations and conditions upon which the government consents to be sued must be strictly observed, and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702 (1981).

In this case, Congress has enacted a waiver of sovereign immunity with regard to federal court challenges of adverse decisions made by SSA consistent with Congress' power to prescribe the procedures and conditions under which judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S.Ct. 1209, 1218 (1958). With respect to judicial review of SSA administrative decisions, the exclusive[5] jurisdictional basis for such judicial review is provided for and limited by 42 U.S.C. § 405(g). Specifically, Section 405(g) – entitled "Judicial Review" – states:

---

[5] In relevant part, the Social Security Act unambiguously provides that "no findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h).

> Any individual, <u>after any final decision of the Commissioner of Social Security made after a hearing to which he was a party</u>, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (*emphasis added*). As the plain language of the statute dictates, a district court's authority to review SSA administrative determinations under Section 405(g) is limited to "final decisions of the Secretary made after a hearing." The Supreme Court has explained in *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457 (1975), that the rule under Section 405(g) requiring an aggrieved party to pursue all available administrative remedies before filing suit is not merely a judicially-developed doctrine of exhaustion. *Id*. at 766, 95 S.Ct. at 2467. Instead, the Court held that obtaining a "final decision" is "central to the requisite grant of subject matter jurisdiction" and therefore is a "statutorily specified jurisdictional prerequisite" to suit. *Id*. at 764, 95 S.Ct. at 2466.

By its plain terms, Section 405(g) imposes a "limitation and condition" on any waiver of sovereign immunity for Social Security claimants to bring an action in federal district court against SSA – namely, that such claimants first obtain a final decision of the Secretary made after a hearing. In this case, Anderson (and by extension Darlene Anderson and Laurience Lacey) did not satisfy this requirement and, as such, the Court lacks subject matter jurisdiction over this action. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss [Doc. 11] is **GRANTED**.

           */s/ John T. Maughmer*
           **John T. Maughmer**
       **United States Magistrate Judge**